IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.   10-cr-00389-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

WALTER EDMUND BOND,

       Defendant.

_____

### DEFENDANT'S SENTENCING STATEMENT
_____

The Office of the Federal Public Defender, by and through undersigned counsel, hereby submits this Sentencing Statement on behalf of Walter Bond.

### Introduction – What We Seek and Why:

Walter Bond seeks a bottom of the guideline sentence.  He recognizes that the Court may be concerned about the political nature of this case, especially as it relates to deterrence, but submits that both the facts of the case and his own history and characteristics warrant a sentence of 46 months.  He disagrees with Probation's assessment that only a sentence at the high end of the advisory range is"sufficient but not greater than necessary" to accomplish the purposes of 18 U.S.C. § 3553(a).

### 3553 Discussion:

**A.**    **Nature, Circumstances, and Seriousness of the Offense**

Admittedly, this is a serious offense.  Mr. Bond knows that his actions caused both a personal and financial loss to the owner of the Sheepskin Factory.  He knows too that, in the eyes of the law, his arson is not defensible merely because he believed that he was serving a greater good.

Mr. Bond did intend to send a political message via property damage.  However, he never intended to <u>physically</u> harm anyone and, in fact, took pains to avoid that outcome, making sure that the fire was set at a time of day when neither the building's owners nor other nearby business owners would be present.  Also, he tried to limit the damage and spread of the fire to the Sheepskin Factory to minimize damage to adjacent properties.

Mr. Bond understands that his many supporters have written this Court extolling the virtue of his beliefs.  He does not claim any legal right to destroy property in the advancement of his animal rights agenda.  Although guided at the time of the offense by a belief structure that elevated animal rights over property rights, Mr. Bond, who is still a committed animal rights activist, now believes that the better course of action is to limit his advocacy to speech and writing.  He stands by his principles but renounces burning the businesses of those who offend his principles.

**B.     History and Characteristics of Mr. Bond**

Mr. Bond had a horrible childhood.  That difficult life is well documented in the PSIR. Yet, despite Mr. Bond's rocky start, he made the best of a bad situation.  He made a conscious and successful decision to avoid the mistakes of his parents.  It would have been easy to turn to drugs or alcohol as they had.  Instead, he commendably took the opposite path, endorsing an ethic that shuns substance abuse and focuses on "clean living."  He abstains from drugs and alcohol and has a good work ethic.

After witnessing first-hand the horrors of a slaughterhouse and the extreme abuse suffered by animals at the service of humans, Mr. Bond developed a strong belief system that has guided much of his subsequent actions.  His widely regarded compassion and empathy for the difficult plight of sentient animals is in many ways a good thing.

Regrettably, however, in this case his judgment and priorities were so overwhelmed by his concern for animals that he put their interests above the law.  He now regrets having so acted and intends to carry on his work on behalf of animals in a more peaceful and less destructive manner, through the power of speech and the written word, not through the destruction of property.

**C.** **Respect for the Law, Just Punishment, and Deterrence, Protection of the Public**

Despite his actions, Mr. Bond does respect the law.  He believes that a sentence which fully considers both his unique circumstances and the facts of this case would promote in others too respect for the law.  Finally, he submits that a 46-month sentence, especially in light of the pending Utah charges, is a significant penalty that would not unduly deprecate the seriousness of his offense or encourage others to commit similar crimes.

Respectfully submitted,

RAYMOND P. MOORE
Federal Public Defender

_____
Edward R. Harris
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Harris@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2011, I electronically filed the foregoing **DEFENDANT'S SENTENCING STATEMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Gregory Holloway, Assistant United States Attorney
    Gregory.Holloway@usdoj.gov


and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Grant Hanson, United States Probation Officer (via e-mail)

Walter E. Bond  (via U.S. Mail)
Reg. No. 37096-013
c/o Jefferson County Jail
P.O. Box 16700
Golden, CO    80402-6700


                                        s/ Edward R. Harris
                                        Edward R. Harris
                                        Assistant Federal Public Defender
                                        633 17th Street, Suite 1000
                                        Denver, CO  80202
                                        Telephone:  (303) 294-7002
                                        FAX:  (303) 294-1192
                                        Edward_Harris@fd.org
                                        Attorney for Defendant